# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ATHENS DIVISION

| | | |
|---|---|---|
| RODNEY G. SHEPARD, | : | |
| Plaintiff | : | |
| | : | NO. 3:08-CV-32 (CDL) |
| VS. | : | |
| | : | PROCEEDINGS UNDER 42 U.S.C. §1983 |
| Head of Medical REBECCA WILLIAMS, *et al.*, | : | BEFORE THE U. S. MAGISTRATE JUDGE |
| Defendants | : | **ORDER & RECOMMENDATION** |

Plaintiff **RODNEY SHEPARD** has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. In compliance with this Court's previous order, plaintiff has filed a supplement to his complaint (Tab # 7) and a motion to amend (Tab # 6). Plaintiff's lawsuit arises out of his confinement at the Clarke County Jail. Plaintiff has been incarcerated since his arrest on February 17, 2007, on charges of malice murder, felony murder, aggravated assault, possession of a firearm by a convicted felon, possession of a firearm while in commission of a crime, and violation of his probation.

## I. STANDARD OF REVIEW

### A. 28 U.S.C. § 1915(e)(2)

Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to review complaints filed by prisoners against a governmental entity or its employees and dismiss any portion of the complaint the Court finds: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. An action is frivolous when the plaintiff's legal theory or factual contentions lack an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In determining whether a cause of action fails to state a claim on which relief may be granted, as contemplated by Federal Rule of Civil Procedure 12(b)(6), the Court must dismiss "if as a matter of law 'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations,' . . . without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one." *Neitzke*, 490 U.S. at 327 (quoting *Hishon* **v.** *King & Spalding*, 467 U.S. 69, 73 (1984)).

### B. General Requirements of 42 U.S.C. § 1983

In order to state a claim for relief under section 1983, a plaintiff must allege two elements. First, the plaintiff must allege that an act or omission deprived him of a right, privilege, or immunity secured by the Constitution of the United States. *See Wideman v. Shallowford Community Hosp., Inc.*, 826 F.2d 1030, 1032 (11th Cir. 1987). Second, the plaintiff must allege that the act or omission was committed by a person acting under color of state law. *Id.*

## II. MOTION TO AMEND

In his motion to amend, plaintiff seeks to add the following defendants to this case: (1) Sergeant Grace Spence; (2) Corporal Yoshika Mapp; and (3) Corporal Lisa Baker. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend shall be freely given. Plaintiff's motion to amend the complaint is hereby **GRANTED.**

## III. DISCUSSION

Besides defendants Sergeant Grace Spence, Corporal Yoshika Mapp, and Corporal Lisa, Baker, plaintiff also sues Head of Medical Rebecca Williams, Support Commander Patricia Little, Jail Commander Jack Mitchell, Sheriff Ira Edwards, Dr. McMumm, Dr. Chetta, and Captain Burk.

Plaintiff's submissions appear to allege the following causes of action:

### A. Wrongful Exposure

This claim arises out of plaintiff's contracting "crabs." Plaintiff generally alleges that the defendants (Little, Spence, Mapp, Baker, Burke, Mitchell, and Edwards) "intentionally" placed plaintiff in a cell with an inmate who had crabs. Plaintiff provided no response to the Court's question as to how plaintiff contracted the crabs. Plaintiff subsequently received treatment and apparently no longer suffers from crabs.

The Eighth Amendment governs "the treatment a prisoner receives in prison and the conditions under which he is confined." *Helling v. McKinney*, 509 U.S. 25, 31 (1993). There is no significant distinction between claims alleging inadequate medical care and those alleging inadequate "conditions of confinement." *Wilson v. Seiter*, 501 U.S. 294, 303 (1991). The same "deliberate indifference" standard set forth in *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), applies to cases such as this one. A prison official's deliberate indifferent to a substantial risk of harm to an inmate violates the Eighth Amendment. *Farmer v. Brennan*, 511 U.S. 825, 828 (1994).

For conditions of confinement to violate the Eighth Amendment, even though they may be harsh and cause discomfort, the conditions must involve the "unnecessary and wanton infliction of pain," *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981), and deprive an inmate of the "minimal civilized measure of life's necessities." *Id.* at 347. The Supreme Court has instructed lower courts that "extreme deprivations are required to make out a conditions-of-confinement claim," *Hudson v. McMillian*, 503 U.S. 1, 9 (1992), and that such claims require proof of "significant injury," *Porter v. Nussle*, 534 U.S. 516, 528 (2002).

According to the Centers for Disease Control, crabs, or "pubic lice," are "usually spread through sexual contact." *See* http://www.cdc.gov/ncidod/dpd/parasites/lice/factsht_pubic_lice.htm. Although this C,ourt has serious doubts that the defendants "intentionally" exposed plaintiff to crabs, even if they did, the Court finds that crabs are not a serious health threat and that plaintiff has not shown "significant injury."

Accordingly, it is **RECOMMENDED** that plaintiff's wrongful exposure claim be **DISMISSED**.

Under 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the District Judge to whom this case is assigned within ten (10) days after being served with a copy of this order and recommendation.

### B. Religious Meetings

In this claim, plaintiff generally alleges that the defendants (Little, Spence, Mapp, Baker, Burke, Mitchell, and Edwards) denied him the opportunity to attend "religious meetings." This Court directed plaintiff to state the "specific circumstances surrounding [the defendants'] refusal to allow plaintiff to attend" such meetings. In response, plaintiff merely stated "I have requested to go to religious meetings several times and have been refused."

Reasonable opportunities to practice their religion must be afforded to all prisoners. *Cruz v. Beto*, 405 U.S. 319, 322 n.2 (1972). If plaintiff is sincere in his religious beliefs, this Court must determine whether the policy in question is reasonably related to a legitimate penological interest, with deference given to the expert judgment of prison administrators. ***Williams v. Secretary for the Dep't of Corrections***, 131 Fed. Appx. 682, 685 (11th Cir. 2005).

As noted above, plaintiff failed to provide the specific circumstances surrounding the prohibition of his participating in religious meetings, as previously directed by this Court. Without specific factual allegations, plaintiff's religious meetings claim is insufficient to withstand this frivolity review. Accordingly, it is **RECOMMENDED** that plaintiff's religious meetings claim be **DISMISSED**.

Under 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the District Judge to whom this case is assigned within ten (10) days after being served with a copy of this order and recommendation.

### C. Retaliation

Plaintiff alleges that defendant Sheriff Ira Edward has allowed his officers to retaliate against plaintiff for filing grievances and lawsuits. These officers have violated plaintiff's rights in the following ways: (1) locked plaintiff down; (2) confiscated his legal materials; (3) beaten and threatened plaintiff; and (4) forced him to sleep on a steel bed frame. Plaintiff alleges that he filed grievances with Sheriff Edward concerning the "retaliation" of his officers, but to no avail.

Supervisory officials are not liable under section 1983 for having the "mere right to control without any control or direction having been exercised." ***Monell v. Department of Social Services of New York***, 436 U.S. 658, 694 n.58 (1978). A supervisor has no *respondeat superior* liability for the misconduct of subordinates and is not liable under section 1983 for damages or injunctive relief unless the supervisor personally participates in the alleged unconstitutional conduct or there is a causal connection between the actions of [the] supervising official and the alleged constitutional deprivation. ***Cottone v. Jenne***, 326 F.3d 1352, 1360 (11th Cir. 2003). A causal connection may be shown (1) if the supervisor is on notice of historical widespread abuse and fails to take corrective action, (2) the supervisor has a custom or policy that results in the alleged violation, or (3) if facts support "an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." ***Cottone***, 326 F.3d at 1360.

In this case, plaintiff has not named as defendants the four jail employees who allegedly retaliated against plaintiff for filing grievances and lawsuits. Nor does he allege that Sheriff Ira Edward had a policy of allowing retaliation or even knew about the alleged retaliation prior to any occurrence. The only allegation of Edward's involvement in the jailers' conduct is that he failed to respond to or take any corrective action after being informed by plaintiff of the alleged retaliatory conduct. Such conduct is insufficient to state a constitutional claim. *See **Dunn v. Martin***, 2006 WL 1049403, at *2 (11th Cir. Apr. 21, 2006) (holding that a prisoner does not have a constitutionally-protected liberty interest in an inmate grievance procedure); ***Owens v. Leavins,*** 2006 WL 1313192, at *2 (N.D. Fla. May 12, 2006) ("filing a grievance with a supervisory person does not alone make the supervisor liable for the allegedly violative conduct brought to light by the grievance, even if the grievance is denied"). In light of the foregoing, it is **RECOMMENDED** that plaintiff's "retaliation" claim against Sheriff Ira Edward be **DISMISSED**.

Under 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the District Judge to whom this case is assigned within ten (10) days after being served with a copy of this order and recommendation.

### D. *Medical Treatment*

Plaintiff alleges that he suffers from a sore right ankle, a hernia, and lower back pain. He also believes that he may have testicular cancer. According to plaintiff, he was refused treatment for all four conditions because he is indigent. Plaintiff claims that he specifically asked Drs. McMumm and Chetta, Rebecca Williams, Sheriff Edward, Jack Mitchell, and Captain Burke that he receive treatment for each of the four conditions, but these defendants refused to provide him treatment. For the first time in his supplement, plaintiff summarily alleges that he complained to defendants Little, Spence, Baker, and Mapp. Plaintiff does not, however, link any of these additional defendants to any specific denial of medical care.

Construing the complaint liberally in favor of plaintiff, the Court cannot determine that plaintiff's medical claims are frivolous. The only defendants who appear to have decision-making authority with respect to plaintiff's medical care, knew about plaintiff's claims and yet failed, or refused, to provide treatment, are defendants McMumm, Chetta, Williams, Edward, Mitchell, and Burke. Therefore, the Court will allow plaintiff's medical claims to go forward against these six defendants.

As to defendants Little, Spence, Baker, and Mapp, plaintiff provides only the most generalized allegations that he complained to them of the lack of medical care. Moreover, plaintiff has not shown how these defendants had any authority over his medical care. His allegation that these four defendants refused him treatment, without more, is insufficient to allege deliberate indifference to serious medical needs on the part of Little, Spence, Baker, and Mapp. Accordingly, plaintiff's medical claim shall not go forward against these four defendants.

*E. Exercise*

Plaintiff complains in his original complaint that he has not been provided with sufficient outdoor exercise. Because plaintiff has failed to allege that his health has been threatened as a result of his limited ability to exercise outdoors, it is **RECOMMENDED** that this claim be **DISMISSED**.

Under 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the District Judge to whom this case is assigned within ten (10) days after being served with a copy of this order and recommendation.

*IV. SUMMARY*

Accordingly, it is **RECOMMENDED** that plaintiff's allegations concerning wrongful exposure to crabs, denial of the opportunity to attend religious meetings, retaliation, and sufficient outdoor exercise be **DISMISSED**, and also that defendants Patricia Little, Grace Spence, Yoshika Mapp, and Lisa Baker be **DISMISSED** as defendants. The only claim that should remain in this lawsuit are plaintiff's contentions regarding the alleged denial of appropriate medical treatment and the only defendants who should remain are Dr. McMumm, Dr. Chetta, Rebecca Williams, Sheriff Ira Edward, Jack Mitchell, and Captain Burke.

Accordingly, it is hereby **ORDERED AND DIRECTED** that service be made as provided by law upon **DR. McMUMM, DR. CHETTA, REBECCA WILLIAMS, SHERIFF IRA EDWARD, JACK MITCHELL**, and **CAPTAIN BURKE**, and that they file a **WAIVER OF REPLY**, an **ANSWER**, or such other response as may be appropriate under Rule 12 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1915, and the Prison Litigation Reform Act.

<u>DUTY TO ADVISE OF ADDRESS CHANGE</u>

During the pendency of this action, each party shall at all times keep the Clerk of this court and all opposing attorneys and/or parties advised of his current address. **FAILURE TO PROMPTLY ADVISE THE CLERK OF ANY CHANGE OF ADDRESS MAY RESULT IN THE DISMISSAL OF A PARTY'S PLEADINGS FILED HEREIN!**

☞ <u>**DUTY TO PROSECUTE ACTION**</u>

Plaintiff is advised that he must <u>diligently</u> prosecute his complaint or face the possibility that it will be dismissed under Rule 41(b) of the FEDERAL RULES OF CIVIL PROCEDURE for failure to prosecute. Defendants are advised that they are expected to <u>diligently</u> defend all allegations made against them and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

<u>**FILING AND SERVICE OF MOTIONS, PLEADINGS, DISCOVERY AND CORRESPONDENCE**</u>

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of court; to serve copies of <u>all</u> motions, pleadings, discovery, and correspondence (<u>including letters to the Clerk or to a judge</u>) upon opposing parties or counsel for opposing parties if they are represented; and to attach to said original motions and pleadings filed with the Clerk a **CERTIFICATE OF SERVICE** indicating <u>who</u> has been served and <u>where</u> (i.e., at what address), <u>when</u> service was made, and how service was accomplished (i.e., by U. S. Mail, by personal service, etc.).

THE CLERK OF COURT WILL NOT SERVE OR FORWARD COPIES OF SUCH MOTIONS, PLEADINGS, AND CORRESPONDENCE ON BEHALF OF THE PARTIES!

<u>**DISCOVERY**</u>

PLAINTIFF SHALL NOT COMMENCE DISCOVERY UNTIL AN ANSWER OR DISPOSITIVE MOTION HAS BEEN FILED ON BEHALF OF THE DEFENDANTS FROM WHOM DISCOVERY IS SOUGHT BY THE PLAINTIFF. THE DEFENDANTS SHALL NOT COMMENCE DISCOVERY UNTIL SUCH TIME AS AN ANSWER OR DISPOSITIVE MOTION HAS BEEN FILED. Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the FEDERAL RULES OF CIVIL PROCEDURE. The deposition of the plaintiff, a state prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian.

IT IS HEREBY ORDERED that discovery (including depositions and interrogatories) shall be completed **WITHIN 90 DAYS** from the date of filing of an **ANSWER** or **DISPOSITIVE MOTION** by the defendant(s), unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendants and granted by the court. This **90 DAY** period shall run separately as to each plaintiff and each defendant beginning on the date of filing of each defendant's answer/dispositive motion. The scheduling of a trial herein may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

DISCOVERY MATERIALS SHALL <u>NOT</u> BE FILED WITH THE CLERK OF COURT. **NO PARTY SHALL BE REQUIRED TO RESPOND TO ANY DISCOVERY NOT DIRECTED TO HIM OR SERVED UPON HIM BY THE OPPOSING COUNSEL/PARTY!** The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery: <u>except with written permission of the court first obtained</u>, **INTERROGATORIES** may not exceed TWENTY-FIVE (25) to each party, **REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS** under Rule 34 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed TEN (10) requests to each party, and **REQUESTS FOR ADMISSIONS** under Rule 36 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed FIFTEEN (15) requests to each party. <u>No party shall be required to respond to any such requests which exceed these limitations</u>.

### <u>REQUESTS FOR DISMISSAL AND/OR JUDGMENT</u>

Dismissal of this action or requests for judgment will <u>not</u> be considered by the court absent the filing of a **<u>SEPARATE MOTION</u>** therefor accompanied by a brief/memorandum of law citing supporting authorities. DISPOSITIVE MOTIONS should be filed at the earliest time possible, but in any event no later than **THIRTY (30) DAYS** after the close of discovery unless otherwise directed by the court.

### DIRECTIONS TO CUSTODIAN OF PLAINTIFF

Following the payment of the required initial partial filing fee or the waiving of the payment of same, the Warden of the institution wherein plaintiff is incarcerated, or the Sheriff of any county wherein he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this court twenty percent (20%) of the preceding month's income credited to plaintiff's account at said institution until the $350.00 filing fee has been paid in full. In accordance with provisions of the *Prison Litigation Reform Act*, plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00.

IT IS FURTHER ORDERED AND DIRECTED that collection of monthly payments from plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

### PLAINTIFF'S OBLIGATION TO PAY FILING FEE

Pursuant to provisions of the *Prison Litigation Reform Act*, in the event plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay any balance due on the filing fee in this proceeding until said amount has been paid in full; plaintiff shall continue to remit monthly payments as required by the *Prison Litigation Reform Act*. Collection from the plaintiff of any balance due on the filing fee by any means permitted by law is hereby authorized in the event plaintiff is released from custody and fails to remit payments. In addition, plaintiff's complaint is subject to dismissal if he has the ability to make monthly payments and fails to do so.

**ELECTION TO PROCEED BEFORE THE
UNITED STATES MAGISTRATE JUDGE**

Under **Local Rule 72**, all prisoner complaints filed under provisions of 42 U.S.C. §1983 are referred to a full-time United States Magistrate Judge for this district for consideration of all pretrial matters. In addition, 28 U.S.C. §636(c)(1) authorizes and empowers full-time magistrate judges to conduct any and all proceedings in a jury or nonjury civil matter and to order the entry of judgment in a case upon the written consent of all of the parties. Whether the parties elect to proceed before a magistrate judge or retain their right to proceed before a U. S. district judge is strictly up to the parties themselves.

☞ After the filing of responsive pleadings by the defendants, the Clerk of court is directed to provide **ELECTION FORMS** to the parties and/or to their legal counsel, if represented. Upon receipt of the **ELECTION FORMS**, each party shall cause the same to be executed and returned to the Clerk's Office WITHIN FIFTEEN (15) DAYS. Counsel may execute **ELECTION FORMS** on behalf of their clients provided they have such permission from their clients. However, counsel must specify on the **ELECTION FORMS** on whose behalf the form is executed.

**SO ORDERED AND RECOMMENDED**, this 12th day of MAY, 2008.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE

# ADDENDUM

## NOTICE TO ALL PARTIES

PURSUANT TO THE COURT'S ORDER REGARDING DISCOVERY SET OUT ABOVE, NO DISCOVERY SHALL BE PERMITTED IN THIS CASE UNTIL AN ANSWER OR DISPOSITIVE MOTION (e.g., MOTION TO DISMISS, MOTION FOR SUMMARY JUDGMENT, MOTION FOR JUDGMENT ON THE PLEADINGS) HAS BEEN FILED BY THE DEFENDANT.

PURSUANT TO THE FEDERAL RULES OF CIVIL PROCEDURE, DISCOVERY (DEPOSITIONS, INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS, REQUESTS FOR ADMISSIONS, ETC., AND RESPONSES THERETO) SHALL <u>NOT</u> BE FILED WITH THE CLERK OF COURT.  <u>NOTE THAT THIS IS A CHANGE IN THE PROCEDURE HERETOFORE FOLLOWED IN THIS DISTRICT.</u>

DO <u>NOT</u> FILE <u>ANY</u> DISCOVERY WITH THE COURT UNLESS YOU ARE SPECIFICALLY DIRECTED TO DO SO BY THE COURT OR UNLESS FILING IS NECESSARY TO SUPPORT OR CONTEST A MOTION TO COMPEL DISCOVERY, OBJECTION TO DISCOVERY, DISPOSITIVE MOTION, OR SIMILAR MOTION. THE CLERK IS DIRECTED TO RETURN ANY SUBMITTED DISCOVERY TO THE PARTY SUBMITTING IT UNLESS IT IS FILED PURSUANT TO AN ORDER OF THE COURT OR IN SUPPORT OF A MOTION TO COMPEL, OBJECTION TO DISCOVERY, DISPOSITIVE MOTION, OR SIMILAR MOTION.