IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| RODNEY G. SHEPARD,<br><br>      Plaintiff<br><br>  VS.<br><br>REBECCA WILLIAMS, *et al.*,<br><br>      Defendants | NO.  3:08-CV-32 (CDL)<br><br>PROCEEDINGS UNDER 42 U.S.C. §1983<br>BEFORE THE U. S. MAGISTRATE JUDGE |

## RECOMMENDATION

Plaintiff Rodney G. Shepard, at all times relevant to the events complained of in the above-captioned case, was an inmate in the custody of the Athens-Clarke County Detention Center. He has sued defendants Rebecca Williams, Jack Mitchell, Ira Edwards, Michael McMunn, Marc Chetta, and CAPT. Burk alleging that they violated his constitutional rights. He contends that these defendants were deliberately indifferent to his serious medical needs.

Before the court are two motions seeking summary judgment filed by the defendants.[1] Tab #72 and Tab #74. These motions are supported by briefs, statements of undisputed material facts, several affidavits, medical records, and numerous other exhibits. Plaintiff Shepard has been directed to file, and has filed, a response to the defendants' motions. Tab #79. In their motions seeking summary judgment, all of the defendants argue that plaintiff Shepard has failed to adequately state a claim of medical deliberate indifference.

---

[1] One of the two motions (Tab #74) was filed by the "medical defendants" which includes Michael McMunn, Rebecca Williams, and Marc Chetta, and the other (Tab #72) was filed by the "jail defendants" and includes Ira Edwards, Jack Mitchell, and CAPT. Burk.

LEGAL STANDARDS

**A. Summary Judgment**

Rule 56 of the *Federal Rules of Civil Procedure* dealing with motions for summary judgment provides as follows:

> *The motion shall be served at least 10 days before the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.*

Summary judgment can only be granted if there are no genuine issues of material fact and if the moving party is entitled to judgment as a matter of law. *Fed.R.Civ.P. 56(c); Warrior Tombigbee Transportation Co. v. M/V Nan Fung*, 695 F.2d 1294, 1296 (11th Cir. 1983). While the evidence and all factual inferences therefrom must be viewed by the court in the light most favorable to the party opposing the motion, the party opposing the granting of the motion for summary judgment cannot rest on his pleadings to present an issue of fact but must make a response to the motion by filing affidavits, depositions, or otherwise in order to persuade the court that there are material facts present in the case which must be presented to a jury for resolution. *See Van T. Junkins & Assoc. v. U.S. Industries, Inc.*, 736 F.2d 656, 658 (11th Cir. 1984).

Specifically, the party seeking summary judgment bears the initial burden to demonstrate to the court the basis for its motion by identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions which it believes show that there is an absence of any genuine issue of material fact. *Hairston v. The Gainesville Sun Publishing Co.*, Slip Opinion No. 92-2485, 1993 U.S. App. LEXIS 33079 (11th Cir.). In determining whether the moving party has met this burden, the court must review the evidence and all factual inferences drawn from this, in the light most favorable to the non-moving party. *Welch v. Celotex Corp.*, 951 F.2d 1235, 1237 (11th Cir. 1992).

If the moving party successfully meets this burden, the burden then shifts to the non-moving party to establish by going beyond the pleadings, that there are genuine issues of material fact to be resolved by a fact-finder. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). Genuine issues are those as to which the evidence is such that a reasonable jury could find for the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).[2]

## B. Medical Treatment of Prisoners

In *Estelle v. Gamble*, the Supreme Court held that "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' . . . proscribed by the Eighth Amendment." 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251, rehearing denied 429 U.S. 1066, 97 S.Ct. 798, 50 L.Ed.2d 785 (1976). However, the course of treatment is "a classic example of a matter for medical judgment." *Estelle, supra*, at 107, 97 S.Ct. at 293.

At most, a mere allegation of improper or untimely treatment, without more, states a claim of *medical malpractice* cognizable under state law. *Id. See also Howell v. Evans*, 922 F.2d 712, 719 (11th Cir. 1991). Moreover, *Estelle* specifically states that the question of whether an x-ray or additional diagnostic techniques or forms of treatment are indicated are classic examples of matters for medical judgment and that medical malpractice does not become a constitutional violation merely because the patient is a prisoner. *Estelle, supra*, at 292-93 (emphasis added).

Furthermore, in order to prevail in a Section 1983 case involving allegations of deliberate indifference to serious medical needs, a plaintiff must show more than mere negligence or error in judgment; there must be some purposeful or intentional denial of necessary medical treatment or at least the medical treatment that was given must be so grossly incompetent as to shock the conscience. *Mandel v. Doe*, 888 F.2d 783 (11th Cir. 1989); *Washington v. Dugger*, 860 F.2d 1018 (11th Cir. 1988); *Ancata v. Prison Health Services, Inc.*, 769 F.2d 700, 703-04 (11th Cir. 1985).

---

[2]*See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986) (the purpose of summary judgment is to pierce the pleadings and assess the proof in order to see whether there is a genuine need for trial); *Brown v. City of Clewiston*, 848 F.2d 1534, 1543 (11th Cir. 1988) (the question is whether the record as a whole could lead a rational trier of fact to find for the nonmovant).

## DISCUSSION

Plaintiff Shepard contends that the defendants have repeatedly violated his constitutional rights, asserting that he has been denied adequate medical treatment for a number of medical conditions from which he purportedly suffers. Specifically, plaintiff Shepard contends that despite many requests, the defendants have refused to provide him with adequate treatment for, *inter alia*, hernia, lower-back pain, ankle pain, and stomach pain.

In support of their motions seeking summary judgment, the defendants have submitted several documents including affidavits, copies of plaintiff Shepard's grievances, medical treatment requests, and medical treatment records. These materials clearly indicate that plaintiff Shepard was seen and provided with medical treatment for his medical conditions on at least eighteen (18) occasions.

In his response to the defendants' motions seeking summary judgment, plaintiff Shepard essentially restates the allegations contained in his original Complaint. What plaintiff Shepard does not do, however, is provide *any* evidence, medical or otherwise, which actually contests the documentary evidence verified by the defendants; this evidence demonstrates that he was given prompt and appropriate treatment for his alleged pain and other medical complaints. As such, and in view of the fact that plaintiff Shepard has provided nothing of substance to rebut the defendants' showing, the undersigned finds that the plaintiff has failed to meet his burden on summary judgment.

Concluding that the defendants are entitled to judgment as a matter of law, **IT IS RECOMMENDED** that the defendants' motions seeking summary judgment (Tabs #72 and #74) be **GRANTED**. Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned **WITHIN TEN (10) DAYS** after being served with a copy thereof.

SO RECOMMENDED, this 4th day of AUGUST, 2009.



                    CLAUDE W. HICKS, JR.
                    UNITED STATES MAGISTRATE JUDGE